MERRIMAC HAT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63831, 68184. Promulgated January 5, 1934.

*O. A. Schlaikjer, Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

## OPINION.

Smith: The only question at issue is whether premiums paid by the petitioner and its affiliated company in 1929 and 1930 on life insurance policies of which they were the beneficiaries on the lives of two individuals, one of whom was the principal officer of a corporation acting as the petitioner's sales agent, and the other of whom was an individual sales agent, are deductible from gross income as ordinary and necessary expenses of doing business.

Section 22 (b) of the Revenue Act of 1928 provides in part as follows:

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

(1) Life insurance.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments * * *

Section 24 (a) of the same act provides in part:

(a) *General rule.*—In computing net income no deduction shall in any case be allowed in respect of—

* * * * * * *

(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

The petitioner makes two contentions in these proceedings. First, that the life insurance premiums paid are deductible from gross income as ordinary and necessary expenses under section 23 (a) of the Revenue Act of 1928; second, that the inhibition of section 24 (a) (4) of the taxing statute does not prevent such deduction.

It is apparent from the evidence in these proceedings that the petitioner was of the opinion that it was advisable for it to insure itself against loss in case of the death of Thompson or Rockwell, or both, and as a means of insuring itself against such contingency took out insurance policies on the lives of these individuals. We may therefore assume that the premiums paid constitute a necessary expense of doing business.

There is the further consideration, however, as to whether the claimed expense was an " ordinary " expense within the meaning of the statute; for it is to be observed that the statute permits the deduction of " ordinary and necessary expenses " and not of ordinary *or* necessary expenses. The word " and " is not to be construed as a disjunctive. *Welch* v. *Helvering*, 290 U.S. 111. We are of opinion that the life insurance premiums paid do not constitute " ordinary " expenses within the meaning of the statute, for a life insurance contract partakes of the nature of a capital investment. One insuring against death is insuring against a certain event. A life insurance contract is different from a fire insurance or casualty contract. If premiums are paid in accordance with the terms of a life insurance contract, the beneficiary will in due course receive the proceeds. Under all of the income tax acts the proceeds of life insurance policies have been exempted from income tax. Correlatively, Congress has provided, in all of the income tax acts beginning with that of 1916 (see section 32 of the Revenue Act of 1916 added by section 1211 of the Revenue Act of 1917), that premiums paid on life insurance policies under certain circumstances shall not be allowed as deductions from gross income.

But even if the petitioner has cleared the first hurdle, we are of the opinion that it has not shown that the inhibition of section 24 (a) (4) of the Revenue Act of 1928 is not applicable to it. In the first place, it is to be noted that Thompson was a stockholder of the petitioner, albeit he was the owner of only 80 shares out of 41,500 shares. Clearly, a stockholder is a person financially interested in a trade or business. Under his contract with the petitioner and its subsidiary, Rockwell was to receive a share of the profits, and, in any event, he was to receive minimum payments at the rate of $65,000 per year, payable in equal monthly installments. We think that he was financially interested in the trade or business of the petitioner and of its subsidiary. Cf. *Rieck* v. *Heiner*, 20 Fed. (2d) 208; affd., 25 Fed. (2d) 453. We are of opinion that the inhibition of

section 24 (a) (4) of the Revenue Act of 1928 is applicable to the life insurance premium payments made by the petitioner in the taxable years.

*Judgment will be entered for the respondent.*